**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**JAMES ANTHONY JOHNSON, SR.** **PLAINTIFF**

**V.** **CIVIL ACTION NO. 3:22-cv-242-CWR-LGI**

**FEDERAL BUREAU OF PRISON OF YAZOO, YAZOO CITY LOW MEDICAL STAFF, DR. CHAMBERS** **DEFENDANTS**

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

James Johnson files this action against the Federal Bureau of Prison ("BOP") of Yazoo, Yazoo City Low Medical Staff, and Dr. Anthony Chambers. Liberally construed, Johnson alleges that while housed at the Federal Correctional Complex in Yazoo City, Mississippi, ("FCC-Yazoo"),[1] Defendants failed to protect him from contracting Covid-19 causing him to develop long-term Covid and PTSD. Johnson alleges that Defendants also falsified his medical record, denied him medical attention, and kept him in quarantine too long. Defendants contend that dismissal is warranted pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56, on exhaustion, jurisdiction, and immunity grounds. Having considered the parties' submissions of and the applicable law, the undersigned recommends that Defendants' motion be granted.

[1] Plaintiff has since been transferred and is currently under the supervision of the Residential Reentry Management Office in Atlanta, Georgia, with a scheduled released date of July 18, 2024.

## STANDARD OF REVIEW

Because Defendants have submitted matters outside the pleadings with their Motion to Dismiss or, in the Alternative, for Summary Judgment, the undersigned has considered the motion as one seeking summary judgment. *See* Fed. R. Civ. P. 12(b); *Young v. Biggers*, 938 F.2d 565, 568 (5th Cir. 1991). Summary judgment is appropriate only when the moving party can demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-movant. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). A fact is material if its resolution in favor of one party might affect the outcome of the case. *Anderson*, 477 U.S. at 248. The evidence and any inferences from it are viewed in the light most favorable to the non-movant. *First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 180 (5th Cir. 2009).

## DISCUSSION

Liberally construed, Johnson seeks relief pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) on the grounds of deliberate indifference. In *Bivens,* the United States Supreme Court recognized a cause of action for monetary relief for constitutional violations by federal officials as the counterpart for actions brought against state officials pursuant to 42 U.S.C. § 1983. *Bivens*, 403 U.S. at 389–98. Unlike § 1983, *Bivens* is not a Congressional statute that "entitles an injured person to money damages if a state official violates his or her

constitutional rights." *Ziglar v. Abbasi* —U.S.— 137 S. Ct. 1843, 1854, 198 L. Ed. 2d 290 (2017). It was created as a judicial remedy in 1979 to address a Fourth Amendment claim for unreasonable search and seizure. *Bivens*, 403 U.S. at 389–90 (manacling the plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment). Since then, the Supreme Court has only extended *Bivens* beyond the deprivation of Fourth Amendment rights two times: for violations of the Fifth Amendment Due Process Clause for gender discrimination, *Davis v. Passman*, 442 U.S. 228, 99 S. Ct. 2264, 60 L. Ed. 2d 846 (1979), and for violations of the Eighth Amendment prohibition against cruel and unusual punishment for a deceased prisoner deprived of medical attention by officials who knew of his serious medical condition, *Carlson v. Green*, 446 U.S. 14, 100 S. Ct. 1468, 64 L. Ed. 2d 15 (1980)." *Butts v. Martin*, 877 F.3d 571, 571 (5th Cir. 2017) (citation omitted). "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *See Ziglar*, 137 S. Ct. at 1855. In the decades since, "the Court has made clear that expanding the *Bivens* remedy is now a disfavored judicial activity." *Ziglar*, 137 S. Ct. at 1865–69 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). The Supreme Court has even "gone so far as to observe that if the Court's three *Bivens* cases [had] been . . . decided today, it is doubtful that [it] would have reached the same result." *Hernandez v. Mesa*, — U.S.—140 S. Ct. 735, 742–43, 206 L. Ed. 2d 29 (2020) (internal quotation marks omitted) ("for almost 40 years, we have consistently rebuffed requests to add to the claims allowed under *Bivens*"). The rationale is that "Congress is

best positioned to evaluate whether, and the extent to which, monetary and other liabilities should be imposed upon individual officers and employees of the Federal Government based on constitutional torts." *Id.* (internal quotation marks omitted).

Accordingly, lower courts should conduct a two-part inquiry to determine whether a *Bivens* remedy should be extended: (1) whether the *Bivens* claim represents a new context, and if so, (2) whether there are any existing remedial processes for addressing the alleged harm or other special factors counseling hesitation against extending *Bivens*. *Oliva v. Nivar*, 973 F.3d 438, 441–42 (5th Cir. 2020); *Cantu v. Moody*, 933 F.3d 414, 422 (5th Cir. 2019)); *Rroku v. Cole*, 726 F. App'x 201, 205 (5th Cir. 2018) (citing *Butts*, 877 F.3d at 587). Lower courts are cautioned, however, that "if there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new *Bivens* cause of action." *Ziglar*, 137 S. Ct. at 1858.
Such is the case here. Plaintiff can seek relief through BOP's Administrative Remedy Program, which permits "inmate[s] to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). *Oliva*, 973 F.3d at 444 ("the alternative relief necessary to *limit* Bivens need not provide the exact same kind of relief *Bivens* would"). But as Defendants note, Plaintiff's claims are subject to dismissal because he has not fully availed himself of this remedy.

Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), no action shall be brought with respect to prison conditions by a prisoner confined in any jail, prison, or other correctional facility until administrative remedies have been exhausted. *Schipke v. Van Buren*, 239 F. App'x 85, 86 (5th Cir. 2007) (exhaustion requirement also

applies to *Bivens* actions). Inmates exhaust their administrative remedies by complying with the BOP's Administrative Remedy Program.[2] But when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action," petitioners need not exhaust administrative remedies. *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)). "Exceptions to the exhaustion requirement apply only in 'extraordinary circumstances,'" i.e, where the administrative remedies are rendered unavailable, and the "[petitioner] bears the burden of demonstrating the futility of administrative review." *Schipke*, 239 F. App'x at 86 (quoting *Fuller*, 11 F.3d at 62). If an inmate demonstrates an applicable exception to the exhaustion requirement, the inmate may obtain a ruling on the merits despite a lack of exhaustion.

The unrebutted evidence here establishes that Plaintiff failed to exhaust his administrative remedies. Defendants submit Plaintiff's administrative history and an affidavit from Michael FiggsGanter, an Attorney Advisor at FCC Yazoo with access to and knowledge of "SENTRY"— a computer records system that tracks an inmate's use

[2] 28 C.F.R. § 542.10–542.19 establish a four-step BOP administrative remedy process for inmates seeking formal review of issues relating to their confinement. An inmate must first file a BP-8 form requesting informal resolution. If this is unsuccessful, the inmate must submit a formal written Administrative Remedy Request directly to the Warden through a BP-9 form within 20 days after the basis for the grievance occurred. Within 20 calendar days of the Warden's response, the inmate may appeal to the Regional Director by filing a BP-10 form. If not satisfied with the Regional Director's response, the inmate may appeal by submitting a BP-11 form to the General Counsel within 30 days. Upon completing this multiple-tiered review process, the inmate has exhausted his administrative remedies.

of the BOP's administrative remedies program. A search of Plaintiff's administrative remedies history reveals that, of the twelve administrative remedies filed by Plaintiff, two appear Covid related: Remedy Series 1112200 and 1108162. Neither was fully exhausted, however. Remedy series 1112200 was abandoned at the Regional Level, while Remedy series 1108162 was never administratively appealed to the Office of General Counsel.

Johnson does not contend that BOP administrative remedies were rendered unavailable to him, or that extraordinary circumstances warrant an exception to the exhaustion requirement. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). On the contrary, he has not refuted his lack of exhaustion or otherwise responded to the current motion. Defendants are therefore entitled to summary judgment based on his failure to exhaust administrative remedies.

Further, Dr. Chambers is entitled to absolute immunity from this lawsuit under the Public Health Service Act, 42 U.S.C. § 233(a). This Act provides that an action against the United States under the Federal Tort Claims Act (FTCA) is the exclusive remedy "for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment." The United States Supreme Court has held that section 233(a) provides PHS employees with absolute immunity from *Bivens* claims. *Hui v. Castaneda*, 559 U.S. 799, 812 (2010).

Dr. Chambers's affidavit confirms that he is a Commander for the United States Public Health Service (USPHS), assigned to the Federal Bureau of Prisons as the Clinical Director for the Health Services Department at the Federal Correctional Complex (FCC) in Yazoo City, Mississippi. He has been employed as a commissioned officer in the USPHS at FCC Yazoo City since September 21, 1997. At all times relevant to the Complaint, Dr. Chambers asserts that he was acting within the course and scope of his office as Clinical Director, and any medical treatment provided would have been done solely within the scope of his official duties as a commissioned officer in the USPHS. Plaintiff has not contested this assertion. Courts have also previously acknowledged Dr. Chambers's immunity status. *Jenkins v. United States*, 733 F. App'x 218, 219 (5th Cir. 2018) ("the district court correctly noted that Chambers's undisputed status as an employee of the U.S. Public Health Service afforded him absolute immunity") (citing *Hui*, 559 U.S. at 812). *See also Copeland v. Chambers,* No. 3:20-CV-585-CWR-LGI, 2022 U.S. Dist. LEXIS 23213, at *7 (S.D. Miss. Jan. 20, 2022); *Brown v. Fed. Bureau of Prisons*, No. 5:11CV63-DCB-RHW, 2012 WL 1067666 (S.D. Miss. Mar. 29, 2012) (the proper party to an FTCA suit is the United States and because Dr. Chambers is a certified public health service officer, he is provided absolute immunity from a *Bivens* claim) (citing *Hui*, 559 U.S. at 812).

As for the remaining Defendants, to the extent that the claims against BOP of Yazoo and Yazoo City Low Medical Staff are construed as arising under the FTCA, they should be dismissed for lack of jurisdiction. The FTCA waives sovereign immunity by "permit[ting] civil actions for damages against the United States for personal injury or

death caused by the negligence of a government employee under circumstances in which a private person would be liable." *Sangernetta Mason, A1C v. United States*, 372 F. App'x 504, 505 (5th Cir. 2010) (citing *Quijano v. United States*, 325 F.3d 564, 567 (5th Cir. 2003)). Such claims may be brought only against the United States, not the agencies or employees of the United States. *See* 28 U.S.C. § § 2671, 2679(a), (b)(1) (providing that FTCA does not authorize suits against federal agencies, and FTCA remedy is exclusive with respect to injuries caused by federal employees acting within the scope of their employment).[3] Plaintiff did not specifically name the United States as a defendant here. Nor has the United States been substituted as the sole defendant. 28 U.S.C. § 2679 (d)(1). *See Grayson v. Fed. Prison Indus. Factory*, 69 F.3d 536 (5th Cir. 1995), at *2 ("Nor can Grayson's claim stand under the FTCA, because he did not seek to hold the United States liable; the United States is the proper party-defendant for such an action." (citing 28 U.S.C. § 1346(b))).

[3] Even if Johnson's claims were construed as having been raised against the United States itself, or if he were given leave to amend to name the United States as a defendant, he has not shown, or even asserted, that he exhausted an FTCA claim. Under the FTCA, no damages action may be instituted against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing" or been left undecided for six months. *Hinojosa v. U.S. Bureau of Prisons*, 506 F. App'x 280, 282 (5th Cir. 2013). 28 U.S.C. § 2675(a). The FTCA's administrative exhaustion procedure is a jurisdictional prerequisite to the filing of an action under the FTCA and must be met at the time of filing. *Lopez-Heredia v. Univ. of Texas Med. Branch Hosp.*, 240 F. App'x 646, 647 (5th Cir. 2007) ("The BOP's FTCA claims procedure is separate from the BOP's administrative remedies procedure."). *See* 28 C.F.R. § 543.30-543.32. Such was not the case here.

For the reasons stated above, the undersigned recommends that Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment be granted and Plaintiff's claims against Defendants be dismissed.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Under Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Southern District of Mississippi*, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, will bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on November 30, 2023.

s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE